**IN THE MATTER OF THE REGISTRATION OF
THE MATAI TITLE "SALAVE'A"
OF THE VILLAGE OF LEONE,
TUTUILA, AMERICAN SAMOA**

No. 1209

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

October 26, 1971

44

Heard before LUTALI, *Associate Judge,* presiding; MA-
LAU'ULU, *Associate Judge;* and GALOIA, *Temporary
Associate Judge;* upon stipulation of all parties.

APPEARANCES

Counsel for Senio Atumata Salave'a, Claimant, Napoleone
Tuiteleleapaga.

Counsel for the Salave'a Family, Objectors, Fofo I.
Sunia.

DECISION FOR THE COURT

LUTALI, *Presiding Judge.*

This action concerns the registration of the matai title
Salave'a originating in the village of Leone, Tutuila,
American Samoa. Claimant Senio Atumata Salave'a filed
his claim with the office of the Territorial Registrar on
June 16, 1971. Mitiomauga Salave'a filed his counter-claim
on July 30, 1971. The Salave'a family filed a "petition for
injunction and petition for order in aid of judgement" on
July 30, 1971 seeking a court order to "restrain Senio
Atumata Salave'a and all other relatives of Salave'a Malua
from attempting to select the holder of the Salave'a title".
During the pre-trial conference on September 15, 1971,
Counsel Fofo I. Sunia, representing both Mitiomauga
Salave'a and the Salave'a family, moved that the claim
filed by Mitiomauga Salave'a be withdrawn in favor of the
petition filed by the Salave'a family. The motion was
granted by the court.

For purposes of distinction between the two parties we shall refer to the objectors as the Salave'a Fagaone Family, and the claimant's family as the Salave'a Malua Family.

Counsel for the objectors based his argument almost entirely on the decision rendered by the court on Case No. 18-1919 (*Salave'a v. Salave'a*). In this case the court said the "Nuumotu (grandfather of the present claimant) shall register himself as Salave'a Nuumotu, and shall continue to hold and enjoy said title for and during the term of his natural life, and that after his death there shall be but one Salave'a, who shall be chosen by the true relations of the Salave'a family". The court further said that "relations of Salave'a Malua shall have no rights in naming the person to hold the matai name Salave'a".

The court has thoroughly reviewed the trial records of the above listed case wherein the Salave'a title was involved. It appears that sometime prior to the establishment of the government in 1900, Malua was given the Salave'a title by consent of the Salave'a Fagaone family and subsequently Salave'a Malua was accepted into the village and district councils. Thus Malua became the progenitor of a new line of Salave'a title holders, holding the Salave'a title simultaneously with the holders from the Fagaone family.

It would serve no useful purpose at this time to state whether the two branches, the old and and the newly established, grew out of a common ancestry. The court will not comment upon nor criticize the procedure followed in the above mentioned case, except to say that the orders and rulings made in that case are not considered as a guide nor as authority in the decision of the case at hand.

■ It may be well at this time to state that under the matai system there are certain fundamental rights that are passed from father to son through the blood. These rights

are held sacred and lasting by all who live under the matai system and are considered above and beyond the limits of the authority of the courts or any other tribunal or power. One of these is the right of a Samoan to claim a matai title once held by an ancestor.

We believe from the evidence, the arguments of counsels, and the records, that the court in 1919 erred in its decision by barring descendants of Salave'a Malua from ever claiming or selecting someone from their own branch to hold the title once held by two of their ancestors. We believe also that the said court acted contrary to the accepted practices under the matai system. We believe further, again from the records and the evidence that the Salave'a Malua family once established by Malua, became separate and distinct from that of the Salave'a Fagaone family.

Most forward thinking courts have been willing to overturn a prior decision of their court where the prior decision has been held to be erroneous or where condition [sic] have so changed that the reasoning supporting the prior decision is no longer applicable in a similar case.

The Rule of Stare Decisis (let the decision stand) has long been a tenet of the Anglo-Saxon law but "the Rule of Stare Decisis is not so imperative or inflexible as to preclude a departure therefrom in any case, but its application must be determined in each instance by the discretion of the court. Previous decisions should not be followed to the extent that error may be perpetuated and that wrong may result". *County of Los Angeles v. Faus*, 312 P.2d 680, 684 (Cal. 1957).

Stare Decisis is supposed to be an aid in assisting in keeping the law uniform so that attorneys and their clients may predict with reasonable certainty what the law on a given point will be held to be. However, as in the case at bar,

"Conformity never is required if it would perpetuate a manifest error or absurdity". *Calif. Bank v. Schlesinger*, 324 P.2d 119, 126 (Cal. 1958).

In fact, the Supreme Court of Hawaii, in overruling a prior decision held that "We not only have the right but are entrusted with a duty to examine the former decisions of this court and when reconciliation is impossible to discard our former errors". *Koike v. Board of Water Supply*, 352 P.2d 835, 845 (Hawaii 1960).

In a statement particularly apropos to the facts of the case at bar, the Supreme Court of California, noted that "... there is no rule of law which requires a court to repeat what may have been an erroneous decision simply because it erred in a previous case in which the facts were identical". *Oceanside Union High School District v. Superior Court*, 373 P.2d 439, 448 (Cal. 1962).

Justice Jackson of the U.S. Supreme Court well summed up the feeling of the High Court of American Samoa in this case when he said "Of course it is embarrassing to confess a blunder; it may be more embarrassing to adhere to it". (Concurring opinion.) *United States v. Bryan*, 339 U.S. 323, 346 (1950).

Because the High Court finds the Conclusions of Law to be erroneous in the case of *Salave'a v. Salave'a* (No. 18-1919), it hereby overrules that case by virtue of the authority and reasoning stated above.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The petition for injunction and petition for order in aid of judgment filed by Mapuilefala T. for himself and for members of the Salave'a Fagaone family is denied and the same is hereby dismissed.

2. The name Senio Atumata Salave'a is certified to the Territorial Registrar for registration as the holder of the

matai title Salave'a of the village of Leone, American Samoa.

3. The Salave'a Malua family is a separate and distinct family from that of the Salave'a Fagaone family.

4. Court costs in the amount of $25.00 are assessed. Mapuilefala T. is to pay the full amount thereof within 30 days after the decision herein is final.

5. Copies of this decision will be furnished to all parties and to the Territorial Registrar.